B 27 (Official Form 27) (12/13)

# UNITED STATES BANKRUPTCY COURT
Middle District of Tennessee

In re Matthew Crouse,
         *Debtor*

Case No. 15-06205
Chapter 7

## REAFFIRMATION AGREEMENT COVER SHEET

This form must be completed in its entirety and filed, with the reaffirmation agreement attached, within the time set under Rule 4008. It may be filed by any party to the reaffirmation agreement.

1. Creditor's Name: Westgate Resorts

2. Amount of the debt subject to this reaffirmation agreement:
   $ 4,282.96 on the date of bankruptcy   $ 4,282.96 to be paid under reaffirmation agreement

3. Annual percentage rate of interest: 17.99 % prior to bankruptcy
   17.99 % under reaffirmation agreement ( ✓ Fixed Rate ___ Adjustable Rate)

4. Repayment terms (if fixed rate): $ 138.75 per month for 42 months

5. Collateral, if any, securing the debt: Current market value: $ 4,282.96
   Description: Timeshare

6. Does the creditor assert that the debt is nondischargeable? ___ Yes ✓ No
(If yes, attach a declaration setting forth the nature of the debt and basis for the contention that the debt is nondischargeable.)

**Debtor's Schedule I and J Entries**

7A. Total monthly income from  $ 6,506.33
    Schedule I, line 12

8A. Total monthly expenses    $ 6,505.00
    from Schedule J, line 22

9A. Total monthly payments on  $ 0.00
    reaffirmed debts not listed on
    Schedule J

**Debtor's Income and Expenses as Stated on Reaffirmation Agreement**

7B. Monthly income from all    $ 6506.33
    sources after payroll deductions

8B. Monthly expenses           $ 6505.00

9B. Total monthly payments on  $ 0
    reaffirmed debts not included in
    monthly expenses

10B. Net monthly income        $ 1.33
    (Subtract sum of lines 8B and 9B from
    line 7B. If total is less than zero, put the
    number in brackets.)

11. Explain with specificity any difference between the income amounts (7A and 7B):

12. Explain with specificity any difference between the expense amounts (8A and 8B):

If line 11 or 12 is completed, the undersigned debtor, and joint debtor if applicable, certifies that any explanation contained on those lines is true and correct.

_____　　　　　　_____
Signature of Debtor (only required if　　　　　Signature of Joint Debtor (if applicable, and only
line 11 or 12 is completed)　　　　　　　　　 required if line 11 or 12 is completed)

**Other Information**

☐　Check this box if the total on line 10B is less than zero. If that number is less than zero, a presumption of undue hardship arises (unless the creditor is a credit union) and you must explain with specificity the sources of funds available to the Debtor to make the monthly payments on the reaffirmed debt:

Was debtor represented by counsel during the course of negotiating this reaffirmation agreement?
　__✓__Yes　　　　　_____No

If debtor was represented by counsel during the course of negotiating this reaffirmation agreement, has counsel executed a certification (affidavit or declaration) in support of the reaffirmation agreement?
　__✓__Yes　　　　　_____No

### FILER'S CERTIFICATION

I hereby certify that the attached agreement is a true and correct copy of the reaffirmation agreement between the parties identified on this Reaffirmation Agreement Cover Sheet.

_____
Signature

Cade Taylor, Director of Portfolio Services
Print/Type Name & Signer's Relation to Case

Form 240A - Reaffirmation Agreement (1/07)

☐ Presumption of Undue Hardship
☐ No Presumption of Undue Hardship
(Check box as directed in Part D: Debtor's Statement in Support of Reaffirmation Agreement.)

# UNITED STATES BANKRUPTCY COURT
## Middle District of TN

In re: Matthew Crouse
        Debtor

Case No 15-06205
Chapter 7

## REAFFIRMATION AGREEMENT
*[Indicate all documents included in this filing by checking each applicable box.]*

☒ Part A: Disclosures, Instructions, and Notice to Debtor (pages 1 - 5)
☒ Part B: Reaffirmation Agreement
☒ Part C: Certification by Debtor's Attorney
☒ Part D: Debtor's Statement in Support of Reaffirmation Agreement
☐ Part E: Motion for Court Approval

*[Note: Complete Part E only if debtor was not represented by an attorney during the course of negotiating this agreement. Note also: If you complete Part E, you must prepare and file Form 240B - Order on Reaffirmation Agreement.]*

**Name of Creditor:** Westgate Flamingo Bay, LLC, Limited Liability Company

☐ *[Check this box if]* Creditor is a Credit Union as defined in §19(b)(1)(a)(iv) of the Federal Reserve Act

### PART A: DISCLOSURE STATEMENT, INSTRUCTIONS AND NOTICE TO DEBTOR

1. **DISCLOSURE STATEMENT**

***Before Agreeing to Reaffirm a Debt, Review These Important Disclosures:***

**SUMMARY OF REAFFIRMATION AGREEMENT**
    This Summary is made pursuant to the requirements of the Bankruptcy Code.

**AMOUNT REAFFIRMED**

    The amount of debt you have agreed to reaffirm: $ 4282.96

*The amount of debt you have agreed to reaffirm includes all fees and costs (if any) that have accrued as of the date of this disclosure. Your credit agreement may obligate you to pay additional amounts which may come due after the date of this disclosure. Consult your credit agreement.*

## ANNUAL PERCENTAGE RATE

*[The annual percentage rate can be disclosed in different ways, depending on the type of debt.]*

    a. If the debt is an extension of "credit" under an "open end credit plan," as those terms are defined in § 103 of the Truth in Lending Act, such as a credit card, the creditor may disclose the annual percentage rate shown in (i) below or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

        (i) The Annual Percentage Rate disclosed, or that would have been disclosed, to the debtor in the most recent periodic statement prior to entering into the reaffirmation agreement described in Part B below or, if no such periodic statement was given to the debtor during the prior six months, the annual percentage rate as it would have been so disclosed at the time of the disclosure statement: _____%.

--- And/Or ---

        (ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: _____%. If different simple interest rates apply to different balances included in the amount reaffirmed, the amount of each balance and the rate applicable to it are:

        $_____ @ _____%;
        $_____ @ _____%;
        $_____ @ _____%.

    b. If the debt is an extension of credit other than under than an open end credit plan, the creditor may disclose the annual percentage rate shown in (I) below, or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

        (i)    The Annual Percentage Rate under §128(a)(4) of the Truth in Lending Act, as disclosed to the debtor in the most recent disclosure statement given to the debtor prior to entering into the reaffirmation agreement with respect to the debt or, if no such disclosure statement was given to the debtor, the annual percentage rate as it would have been so disclosed: _____%.

--- And/Or ---

        (ii)    The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: <u>17.99</u>%. If different simple interest rates apply to different balances included in the amount reaffirmed,

**Form 240A - Reaffirmation Agreement (Cont.)** 3

the amount of each balance and the rate applicable to it are:
$_____ @ _____%;
$_____ @ _____%;
$_____ @ _____%.

c. If the underlying debt transaction was disclosed as a variable rate transaction on the most recent disclosure given under the Truth in Lending Act:

The interest rate on your loan may be a variable interest rate which changes from time to time, so that the annual percentage rate disclosed here may be higher or lower.

d. If the reaffirmed debt is secured by a security interest or lien, which has not been waived or determined to be void by a final order of the court, the following items or types of items of the debtor's goods or property remain subject to such security interest or lien in connection with the debt or debts being reaffirmed in the reaffirmation agreement described in Part B.

| Item or Type of Item | Original Purchase Price or Original Amount of Loan |
|---|---|
| Note and Mortgage | $7678.20 |

*Optional---At the election of the creditor, a repayment schedule using one or a combination of the following may be provided:*

**Repayment Schedule:**

Your payment schedule will be: <u>42</u>(number) payments in the amount of $<u>138.75</u> each, payable (monthly, annually, weekly, etc.) on the <u>15th</u> (day) of each <u>month</u> (week, month, etc.), unless altered later by mutual agreement in writing.

— *Or* —

A reasonably specific description of the debtor's repayment obligations to the extent known by the creditor or creditor's representative.

**Form 240A - Reaffirmation Agreement (Cont.)** 4

## 2. INSTRUCTIONS AND NOTICE TO DEBTOR

**Reaffirming a debt is a serious financial decision.** The law requires you to take certain steps to make sure the decision is in your best interest. If these steps are not completed, the reaffirmation agreement is not effective, even though you have signed it.

 1. Read the disclosures in this Part A carefully. Consider the decision to reaffirm carefully. Then, if you want to reaffirm, sign the reaffirmation agreement in Part B (or you may use a separate agreement you and your creditor agree on).

 2. Complete and sign Part D and be sure you can afford to make the payments you are agreeing to make and have received a copy of the disclosure statement and a completed and signed reaffirmation agreement.

 3. If you were represented by an attorney during the negotiation of your reaffirmation agreement, the attorney must have signed the certification in Part C.

 4. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, you must have completed and signed Part E.

 5. The original of this disclosure must be filed with the court by you or your creditor. If a separate reaffirmation agreement (other than the one in Part B) has been signed, it must be attached.

 6. <u>If the creditor is not a Credit Union</u> and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court unless the reaffirmation is presumed to be an undue hardship as explained in Part D. <u>If the creditor is a Credit Union</u> and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court.

 7. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, it will not be effective unless the court approves it. The court will notify you and the creditor of the hearing on your reaffirmation agreement. You must attend this hearing in bankruptcy court where the judge will review your reaffirmation agreement. The bankruptcy court must approve your reaffirmation agreement as consistent with your best interests, except that no court approval is required if your reaffirmation agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home.

PART B: REAFFIRMATION AGREEMENT.

I (we) agree to reaffirm the debts arising under the credit agreement described below.

1. Brief description of credit agreement:
That certain Note dated 03/02/2009, in the original principal amount of $7678.20, made by Debtor to and in favor of Creditor, secured by that certain Deed of Trust recovered on 05/11/2009, in the public records of Clark, Nevada, Book 20090511, Page 0000835.

2. Description of any changes to the credit agreement made as part of this reaffirmation agreement:
None.

SIGNATURE(S):

Borrower:

_Matthew C Crouse_
(Print Name)

_[signature]_
(Signature)

Date: 10-22-2015

Co-borrower, if also reaffirming these debts:

_____
(Print Name)

_____
(Signature)

Date: _____

Accepted by creditor:

Westgate Flamingo Bay, LLC
(Printed Name of Creditor)

2801 Old Winter Garden Rd.
(Address of Creditor)

Ocoee, Florida 34761
(Address of Creditor)

_____
(Signature) Cade Taylor

Director of Portfolio Services

(Printed Name and Title of Individual Signing for Creditor)

Date of creditor acceptance:

_____

Form 240A - Reaffirmation Agreement (Cont.)                                    7

**PART C: CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY).**

*[To be filed only if the attorney represented the debtor during the course of negotiating this agreement.]*

I hereby certify that (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

☐ *[Check box, if applicable and the creditor is not a Credit Union.]* A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment.

Printed Name of Debtor's Attorney: ___Todd Jackson___

Signature of Debtor's Attorney: _____

Date: __10-13-15__

**PART D: DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT**

*[Read and complete sections 1 and 2, **OR**, if the creditor is a Credit Union and the debtor is represented by an attorney, read section 3. Sign the appropriate signature line(s) and date your signature. If you complete sections 1 and 2 **and** your income less monthly expenses does not leave enough to make the payments under this reaffirmation agreement, check the box at the top of page 1 indicating "Presumption of Undue Hardship." Otherwise, check the box at the top of page 1 indicating "No Presumption of Undue Hardship"]*

1. I believe this reaffirmation agreement will not impose an undue hardship on my dependents or me. I can afford to make the payments on the reaffirmed debt because my monthly income (take home pay plus any other income received) is $6500.33, and my actual current monthly expenses including monthly payments on post-bankruptcy debt and other reaffirmation agreements total $6500.25 leaving $140.08 to make the required payments on this reaffirmed debt.

I understand that if my income less my monthly expenses does not leave enough to make the payments, this reaffirmation agreement is presumed to be an undue hardship on me and must be reviewed by the court. However, this presumption may be overcome if I explain to the satisfaction of the court how I can afford to make the payments here: _____
_____.

**(Use an additional page if needed for a full explanation.)**

2. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

Signed: _/s/ Matthew C Lun_____
       (Debtor)

      _____
       (Joint Debtor, if any)
Date: _10-22-2015_____

— Or —

*[If the creditor is a Credit Union and the debtor is represented by an attorney]*

3. I believe this reaffirmation agreement is in my financial interest. I can afford to make the payments on the reaffirmed debt. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

Signed: _____
       (Debtor)

      _____
       (Joint Debtor, if any)
Date: _____

Form 240A - Reaffirmation Agreement (Cont.)                                      9

**PART E: MOTION FOR COURT APPROVAL**
*[To be completed and filed only if the debtor is not represented by an attorney during the course of negotiating this agreement.]*

## MOTION FOR COURT APPROVAL OF REAFFIRMATION AGREEMENT

I (we), the debtor(s), affirm the following to be true and correct:

I am not represented by an attorney in connection with this reaffirmation agreement.

I believe this reaffirmation agreement is in my best interest based on the income and expenses I have disclosed in my Statement in Support of this reaffirmation agreement, and because (provide any additional relevant reasons the court should consider):

Therefore, I ask the court for an order approving this reaffirmation agreement under the following provisions (*check all applicable boxes*):

☐ 11 U.S.C. § 524(c)(6) (debtor is not represented by an attorney during the course of the negotiation of the reaffirmation agreement)

☐ 11 U.S.C. § 524(m) (presumption of undue hardship has arisen because monthly expenses exceed monthly income)

Signed: _____
        (Debtor)

        _____
        (Joint Debtor, if any)
Date: _____

APN No.: 163-24-102-002,003

WHEN RECORDED
MAIL TAX STATEMENTS TO:

Westgate Flamingo Bay, Las Vegas Owners Association, Inc.
5625 West Flamingo Road
Las Vegas, Nevada 89103

RETURN ORIGINAL TO:
Equity Land Title, LLC
Timeshare Division
9440 West Sahara Ave., #235
Las Vegas, NV 89117

Contract No: 8321-



20090511-0000835

Fee: $15.00
N/C Fee: $0.00
05/11/2009 08:01:42
T20090163880
Requestor:
EQUITY LAND TITLE LLC
Debbie Conway JJF
Clark County Recorder Pgs: 2

## WESTGATE FLAMINGO BAY, LAS VEGAS

### DEED OF TRUST
(Short Form)

THIS DEED OF TRUST is made on this __2ND__, day of __March, 2009__. The Grantor is
**Matthew C Crouse & Michele V Crouse**

("Borrower"). The trustee is First American Title Company of Nevada, Inc, a Nevada corporation ("Trustee"). The beneficiary is WESTGATE FLAMINGO BAY, L.L.C, which is organized and existing under the laws of Florida, and whose address is 5601 Windhover Drive, Orlando, Florida 32819 ("Lender").

WHEREAS, Borrower is indebted to Trustee in the principal sum of
**Seven Thousand Six Hundred Seventy-Eight Dollars & 20 Cents**
(U.S.$ __7,678.20__ ), which indebtedness is evidenced by Borrower's Note dated __March 2, 2009__, (herein "Note"), providing for monthly installments of principal and interest, with the balance of the indebtedness, if not sooner paid, due and payable on __March 15, 2019__.

To secure to Trustee (a) the repayment of the indebtedness evidenced by the Note with interest thereon; (b) the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust; (c) the performance of the covenants and agreements of Borrower herein contained; and (d) the performance of the covenants and agreements incorporated by reference hereunto, Borrower does hereby mortgage, grant and convey to Trustee the following described property located in Clark County, Nevada:

A certain 1/2 Biennial Time Share Interest(s) together with the right to occupy, pursuant to the Timesharing Plan, a 1 BEDROOM STANDARD unit, defined as Assigned Unit 10-1017, during Assigned Week(s) 33, during Assigned Year ODD, all as according to the Timesharing Plan for Westgate Flamingo Bay, Las Vegas, recorded November 8, 2001, in Book 20011108, as Instrument No. 00541, of the Official Records of Clark County, Nevada, as amended from time to time (the Plan). The Plan encumbers a portion of the following described property in Clark County, Nevada: described property in Clark County, Nevada: The West Half (W 1/2) of the Northeast Quarter (NE 1/4) of the Northeast Quarter (NE 1/4) of the Northwest Quarter (NW 1/4) of Section 24, Township 21 South, Range 60 East, M.D.M. and The East Half (E 1/2) of the Northwest Quarter (NW 1/4) of the Northeast Quarter (NE 1/4) of the Northwest Quarter (NW 1/4) of Section 24, Township 21 South, Range 60 East, M.D.B.& M.

which has the address of 5625 West Flamingo Road, Las Vegas, Nevada 89103, Las Vegas, Nevada (herein "Property Address").

8321- 

WESTGATE FLAMINGO BAY, LAS VEGAS
DEED OF TRUST
(Short Form)
Page 2



TOGETHER with a remainder over in fee simple and absolute, as tenant in common with the other Owners in the Resort in that percentage interest determined and established pursuant to the aforesaid Plan.

TOGETHER with all other property as set forth in the Master Form of Deed of Trust referenced below, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are herein referred to as the "Property".

Borrower covenants that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property, that the Property is unencumbered, and that Borrower will warrant and defend generally the title to the Property against all claims and demands, subject to any declarations, easements or restrictions listed in a schedule of exceptions to coverage in any title insurance policy insuring Trustee's interest in the Property.

Borrower and Trustee hereby expressly adopt and incorporate by reference into this Deed of Trust and hereby agree to be bound by the covenants and agreements contained in covenants numbered 1 through 26 of the Master Form of Deed of Trust and PUD Rider recorded on February 5, 2003, in Book 20030205, at Instrument Number 00591 of the Official Records of Clark County, Nevada, including, without limitation, the power of sale provision, the applicability of Florida law and the waiver of jury trial.

IN WITNESS WHEREOF, Borrower has executed this Deed of Trust.

Signed, Sealed and Delivered
in the Presence of:

_____      _____
Matthew C Crouse                                    Michele V Crouse

STATE OF ~~NEVADA~~ Florida )
                                         )
COUNTY OF ~~CLARK~~ Orange )

On this __2ND__ day of __March, 2009__, before me personally appeared
Matthew C Crouse & Michele V Crouse

to me known or proved to me on the basis of satisfactory evidence, to be the person who executed the foregoing instrument, and acknowledged that such person(s) executed the same as such person(s) free act and deed.

Witness my hand and official seal, at office in __Florida__, this __2nd__ day of __March__, __2009__.

_____
NOTARY PUBLIC, STATE OF ~~NEVADA~~ Florida

My commission expires: Sep. 19, 2012

ESTELA MATUS
MY COMMISSION # DD821590
EXPIRES: September 19, 2012
1-800-3-NOTARY  Fl. Notary Discount Assoc. Co.

# NOTE

 

:321

$ 7,678.20    Las Vegas, Nevada

FOR VALUE RECEIVED, the undersigned ("Borrower") promise(s) to pay
Westgate Flamingo Bay, L.L.C.,    a Florida limited liability company,or order, the principal sum of
Seven Thousand Six Hundred Seventy-Eight Dollars & 20 Cents
Dollars ($ 7,678.20   ) with interest on the unpaid principal balance from the date of this Note, until paid, at the rate of   17.99   percent per annum. Principal and interest shall be payable at 5601 Windhover Drive, Orlando, FL 32819-7905, or such other place as the Note holder may designate, in consecutive monthly installments of
One Hundred Thirty-Eight Dollars & 75 Cents    Dollars ($ 138.75   ),
on the 15TH day of each month beginning April, 2009    Such monthly installments shall continue until the entire indebtedness evidenced by this Note is fully paid, except that any remaining indebtedness, if not sooner paid, shall be due and payable on March 15, 2019   ("Maturity date"). In the event the first payment date is more than thirty (30) days after the date of this Note, all interest accruing from the 31st day after the date of this Note to the first payment date shall be deemed fully earned, due and payable provided, however, the amount of such accrued interest shall be added to the principal amount due and amortized over the term of the Note without interest, which amount is included in the monthly payment set forth above.

If any monthly installment under this Note is not paid when due and remains unpaid after a date specified by a notice to Borrower, the entire principal amount outstanding and accrued interest thereon shall at once become due and payable at the option of the Note holder. The date specified shall not be less than thirty (30) days from the date such notice is mailed. The Note holder may exercise this option to accelerate during any default by Borrower regardless of any prior forbearance. If there is a default under this Note, the Note holder shall be entitled to collect all reasonable costs and expenses of collection, whether or not suit is brought, including, but not limited to, reasonable attorney's fees. While in default, this Note shall bear interest at the highest rate permitted by law.

Borrower shall pay to the Note holder a late charge of Twenty Five Dollars ($25.00) if any or a portion of any monthly installment is not received by the Note holder within ten (10) days after the installment is due.

Regular installments shall be applied first to interest, then to principal and then to late fees and costs.

Borrower may prepay the principal amount outstanding in whole or in part. The Note holder may require that any partial prepayments (i) be made on the date the monthly installments are due, and (ii) be in the amount of that part of one or more monthly installments which would be applicable to principal. Any partial prepayment shall be applied against the principal amount outstanding and shall not postpone the due date of any subsequent monthly installments or change the amount of such installments, unless the Note holder shall otherwise agree in writing.

Presentment, notice of dishonor, and protest are hereby waived by all markers, sureties, guarantors and endorsers, and shall be binding upon them and their successors and assigns.

Any notice to Borrower provided for in this Note shall be given by mailing such notice by certified mail addressed to Borrower at the Property Address stated below, or to such other address as Borrower may designate by notice to the Note holder. Any notice to the Note holder shall be given by mailing such notice by certified mail, return receipt requested, to the Note holder at the address stated in the first paragraph of this Note, or at such other address as may have been designated by notice to Borrower.

It is the parties' express intent that this Agreement and the rights, duties and obligations of the parties hereto shall be governed by and construed in accordance with the laws of the State of Florida   and, to the extent they preempt the laws of such state, the laws of the United States.

It is the express intent of the parties hereto that Lender does not intend or expect to charge or receive any amount in the nature of interest or which would be deemed or construed to be interest in excess of the maximum rate authorized by law. In the event any amount charged or received under this note is determined to exceed the highest lawful rate, such excess is hereby waived and shall either be applied to the outstanding principal balance or refunded to the Maker to the extent such excess exceeds the remaining principal balance.

Each party hereto knowingly, voluntarily, and intentionally waives any right it may have to a trial by jury with respect to any litigation (including, but not limited to, any claims, cross-claims, counter-claims, or third party claims) arising out of, under, or in connection with this Agreement or between the parties to this Agreement, their affiliates, subsidiaries, successors, or assigns and irrespective of whether such litigation arises out of this Agreement, by statute, or as a matter of tort law, and the parties hereto expressly consent to a non-jury trial in the event of any of the foregoing.

All of the provisions set forth in this Note are a material inducement for Lender's entering into the transaction with Borrower.

The indebtedness evidenced by this Note is secured by a   Deed of Trust  , dated   March 2, 2009
and reference is made to the Deed of Trust for rights as to acceleration of this indebtedness evidenced by this Note.

1924 GLORIA DR

TALLAHASSEE, FL 32303

USA

_____ (SEAL)
Matthew C Crouse
_____ (SEAL)
Michele V Crouse
_____ (SEAL)
_____ (SEAL)

Address

**UNIT**   10-1017    **UNIT WEEK (S)**   33   ODD

Westgate Flamingo Bay, Las Vegas    FB031A  06/08

# CONTRACT FOR PURCHASE AND SALE

WESTGATE FLAMINGO BAY, LAS VEGAS
A TIMESHARE RESORT
5625 W. Flamingo Road
Las Vegas, Nevada 89103



SELLER/DEVELOPER
WESTGATE FLAMINGO BAY, L.L.C.
2801 Old Winter Garden Road
Ocoee, Florida 34761



5251,

Purchaser: Matthew C Crouse
Michele V Crouse, Husband and Wife

Address: As Joint Tenants
1924 GLORIA DR
TALLAHASSEE, FL 32303 USA

Home Telephone: 8505285506       Business Telephone:

Purchaser (s) agree (s) to purchase and Seller agrees to sell to Purchaser one (1) or more timeshare Interests in the Timeshare Accommodations known as WESTGATE FLAMINGO BAY, LAS VEGAS, A TIMESHARE RESORT, 5625 W. Flamingo Road, Las Vegas, Nevada 89103, pursuant to the terms and conditions of this Contract for Purchase and Sale and the Timesharing Plan, a copy of which is included with the Public Offering Statement that each Purchaser receives upon execution of a Contract for Purchase and Sale, together with all Improvements, easements, rights, privileges and appurtenances pertaining to said Timeshare Interest as set forth in the Time Sharing Plan and all Exhibits thereto:

**1 - BEDROOM STANDARD**

Number of Time Share Interests Purchased: 1/2
Assigned Unit Week (s):  33
Year Occupancy Begins:  2009
First Available Occupancy Date:  2009

Fixed or Floating: All Season - Float Week / Float Unit
Assigned Unit (s): 1017
Assigned Year (s): ODD
Estimated Initial Maintenance Assessments:
499.00

1. Purchase   Price ............................................................................ $ 8,940.00
2. Closing  Charges *(3% of Purchase Price plus $51.00)*................................ $ 319.20
3. Exchange  Membership  Dues ...................................................... $ 89.00
   *(In the event Purchaser elects to become a member of the exchange program)*
4. Debt Waiver for Loss of Life * _____ ..................... $ 0.00
                                    Signature
5. Debt Waiver for Involuntary Unemployment*_____ ... $ 0.00
                                                Signature
6. Total  (1+2+3+4+5) ............................................................ $ 9,348.20
7. Deposit  Made  This  Date ................................................... $ 1,670.00
8. Additional  Deposit  Due .................................................... $ 0.00
9. Total  Down  Payment ........................................................ $ 1,261.80
10. Amount Financed (1+4+5 minus 9) ...................................... $ 7,678.20

* Additional Information regarding Debt Waiver For Loss of Life and Debt Waiver For Involuntary Unemployment is available upon request.

THIS AGREEMENT IS SUBJECT TO THE TERMS AND CONDITIONS SET FORTH ON THE REVERSE SIDE HEREOF WHICH BY REFERENCE IS MADE A PART HEREOF.

YOU MAY CANCEL THIS AGREEMENT WITHOUT ANY CANCELLATION FEE OR OTHER PENALTY BY HAND DELIVERING OR SENDING BY CERTIFIED MAIL WRITTEN NOTICE OF CANCELLATION TO: WESTGATE FLAMINGO BAY, L.L.C., 2801 OLD WINTER GARDEN ROAD, OCOEE, FLORIDA 34761. THE NOTICE MUST BE DELIVERED OR POSTMARKED BY MIDNIGHT OF THE FIFTH CALENDAR DAY FOLLOWING THE DAY ON WHICH THE AGREEMENT WAS SIGNED. IN COMPUTING THE NUMBER OF CALENDAR DAYS, THE DAY ON WHICH THE CONTRACT IS SIGNED AND LEGAL HOLIDAYS ARE NOT INCLUDED.

DATE OF EXECUTION:          (As to Purchaser) March 2, 2009

                            (As to Developer) March 2, 2009

_____ Signature of Purchaser
Matthew C Crouse

_____ Signature of Purchaser
Michele V Crouse

_____ Signature on Behalf of Seller

_____ Signature of Purchaser

_____ Signature of Purchaser

...21...
CFI CFI 315
CFI CFI 315
CFI CFI 315
11:46 AM

FB006A CP901 05/08

FLORIDA ADDENDUM TO CONTRACT FOR PURCHASE AND SALE

1. Notwithstanding the provisions of paragraph 4, the refund shall be made within twenty (20) days of demand therefor by Purchaser, or within five (5) days after receipt of funds from the Purchaser's cleared check, whichever is later.

2. Paragraph 7 is deleted and replaced with the following:

   7. **Closing Costs and Expenses of Sale**: Purchaser acknowledges that in addition to the purchase price of each timeshare interest, Purchaser must pay certain other "Closing Charges" when (t)he(y) accept ownership at closing of title. Purchaser shall be obligated to pay to Seller, in addition to the purchase price all Closing Charges in the amount set forth on the face of this Agreement, which Closing Charges include, but are not limited to, the payment of documentary stamps on the Warranty Deed, title insurance fees, recording charges, intangible and documentary stamps on any Note and Mortgage executed in connection with this transaction, credit investigation report, Developer's administrative closing and processing fee and Developer's attorneys' fees. Purchaser acknowledges that such Closing Charges are not to be considered part of the purchase price. Purchaser acknowledges that the Closing Charges are the same regardless of whether the transaction is financed or whether the Purchaser initially elected to obtain financing and converted to an all cash deal while the transaction remains in escrow. Seller shall be responsible for the payment of any documentary stamps or intangible tax that may be due on the transaction. In the event a Note and Mortgage are executed and the Purchaser elects to convert the transaction to an all cash transaction by paying the purchase price in full while the Note and Mortgage are in escrow, the parties agree that the Note and Mortgage shall be of no force and effect and shall be deemed to have never been delivered. Unless this transaction is cancelled in accordance with paragraph 4 above, there shall be no refund of any portion of the Closing Charges. Notwithstanding anything contained herein to the contrary, the Seller makes no representations whatsoever that any portion of the Closing Charges to be collected from the Purchaser represent state funds that shall be utilized to pay taxes. In this regard, it is understood and agreed that Seller shall pay only state documentary stamp taxes and intangible taxes which are required to be due and payable at the time a Contract for Purchase and Sale is closed which documentary stamp and intangible taxes shall be calculated as required by law based upon those documents which are actually submitted for recording. If the Purchaser defaults, any Closing Charges previously paid shall not be utilized to pay any documentary stamp and intangible taxes and instead shall be deemed part of additional deposits paid by Purchaser and shall be retained by Seller as liquidated damages.

3. Paragraph 13 is deleted and replaced with the following:

   13. **Purchaser's Default**: In the event that Purchaser fails to comply with any of the terms, conditions and provisions of this Contract for Purchase and Sale, including the failure to execute all closing documents as may be reasonably required of Purchaser or to pay the balance of the purchase price due (a "Default"), Purchaser shall be in default, and Seller shall have the right to declare this Contract for Purchase and Sale cancelled. Upon Default, Seller may retain any deposits made by Purchaser and enforce any Promissory Note that may have been executed by Purchaser in connection with any additional deposits due hereunder as full and complete liquidated damages. For purposes of this paragraph, the term "deposit" shall mean the initial downpayment made by a Purchaser, any additional deposits due in accordance with the terms of this Contract and any payments made into escrow pursuant to the Purchase Money Promissory Note, if any, executed in connection herewith. Notwithstanding the foregoing application of payments under the Purchase Money Promissory Note upon Default, once the closing occurs, all payments made pursuant to the Purchase Money Promissory Note shall be applied in accordance with its terms. Seller may then resell the timeshare interest without any accounting to Purchaser.

4. Paragraph 24 is deleted and replaced with the following:

   24. **Escrow Agreement**: Developer has entered into an Escrow Agreement with GREENSPOON, MARDER, HIRSCHFELD, RAFKIN, ROSS, BERGER, & ABRAMS ANTON, P.A., 100 West Cypress Creek Road, Trade Centre South, Suite 700, Fort Lauderdale, Florida 33309, (Escrow Agent). Escrow Agent shall hold all deposits made by Purchaser's in escrow, in accordance with said Escrow Agreement.

   Notwithstanding anything contained herein to the contrary, all funds received from Purchaser and held in escrow pursuant to the provisions of Florida Statutes, Chapter 721.08 shall be disbursed to Seller only in accordance with Florida Statutes, Chapter 721.08 and the Escrow Agreement entered into between Seller and Escrow Agent. A copy of the Escrow Agreement is attached as an Exhibit to the Public Offering Statement delivered to Purchaser. Any interest earned on any deposits made by Purchaser, and held in escrow, shall inure to the exclusive benefit of Seller.

   Notwithstanding the foregoing escrow provisions, Purchaser does hereby agree that in lieu of any escrows required by this Contract, the Escrow Agreement or Florida Statutes Chapter 721.08(1), Developer may establish alternative assurances acceptable to the Director of the Division of Florida Land Sales and Condominiums in accordance with Florida Statutes Chapter 721.08(2).

5. **ANY RESALE OF THIS TIMESHARE INTEREST MUST BE ACCOMPANIED BY CERTAIN DISCLOSURES IN ACCORDANCE WITH SECTION 721.065, FLORIDA STATUTES.**

6. **YOU MAY CANCEL THE PURCAHSE CONTRACT WITHOUT ANY PENALTY OR OBLIGATION WITHIN TEN (10) CALENDAR DAYS AFTER THE DATE YOU SING THE PURCHASE CONTRACT OR THE DATE ON WHICH YOU RECEIVE THE LAST OF ALL DOCUMENTS REQUIRED TO BE GIVEN TO YOU PURSUANT TO SECTION 721.07(6), FLORIDA STATUTES, WHICHEVER IS LATER.**

7. **IF YOU DECIDE TO CANCEL THE PURCHASE CONTRACT, YOU MUST NOTIFY\* THE SELLER IN WRITING OF YOUR INTENT TO CANCEL. YOUR NOTICE OF CANCELLATION SHALL BE EFFECTIVE UPON THE DATE SENT AND SHALL BE SENT TO WESTGATE FLAMINGO BAY, L.L.C., 2801 PROFESSIONAL PARKWAY, OCOEE, FLORIDA 34761. ANY ATTEMPT TO OBTAIN A WAIVER OF YOUR CANCELLATION RIGHTS IS VOID AND OF NO EFFECT. WHILE YOU MAY EXECUTE ALL CLOSING DOCUMENTS IN ADVANCE, THE CLOSING, AS EVIDENCED BY DELIVERY OF THE DEED OF OTHER DOCUMENT, BEFORE EXPIRATION OF YOUR TEN (10) DAY CANCELLATION PERIOD, IS PROHIBITED.**

DATE OF EXECUTION: March 2, 2009

(As to Purchaser)_____
(As to Developer)_____

_____
Signature of Purchaser

Signature By or On Behalf of Seller

_____
Signature of Purchaser

"Notify", for purposes of Sections 721.06(1)(g) and 721.065(2)(c), Florida Statutes, shall mean that a written notice of cancellation is delivered, by any means which may include certified mail return receipt requested, to the entity designated to receive the notice of cancellation in the statement required by Sections 721.06(1)(g) or 721.065(2)(c), Florida Statutes.

```
mr_payment_history                                          Date:    09/22/2015 09:22
                           Central Florida Investments
              MRPAYHIST Payment History for Contract #        3321        Page:        1

Cust Id     Name                                    Loc   Ph    T    Bldg   Unit   Wk
------      --------------------------------        ----  ---   ---  ----   ----   --
            CROUSE MATTHEW C                         21    1    O     10    1017   33
            CROUSE MICHELE V
Address                                             Dates           Financial
-----------------------------                       ----------      ---------------
1608 INVERNESS DRIVE                         WRITTN: 03/02/2009    PP:     8940.00
SPRING HILL, TN 37174                        ORGNXT: 04/15/2009    DP:     1261.80
USA                                          NXTBIL: 10/15/2015    MP:        0.00 N
7068178960                                   OCC-YR: 2009          IUI:       0.00
                                             P-MADE: 78/120        AF:     7678.20
                                             NXTDUE: 10/15/2015    IR:       17.99
                                                                   PA:      138.75
                                  BD:     4249.48                  CL:      319.20
                                  EQ:     4675.66
                        Contr-Origin: Downgrade
                           Bank-Code: AS AH 2012-2
                       Status/Detail: Open-Bkrupt
                         Status/Date: O 03/02/2009
                         Detail/date: B 09/12/2015
                           Type/Date: G 03/03/2009
                           Deed/Date: D 05/11/2009
                              Deeded: Batch# 127413
                          Owner Type: All Season

Doc #    Due Dt    Dt Paid    Total Am    Amt/ Prin   Interest  M  Pymt-ID    Mod Date T
-----    ------    ------     --------    ---------   --------  -  -------    --------
DP0001  03/02/09  03/02/09     1261.80     1261.80       0.00   E             03/03/09 C
E00003  03/02/09  03/02/09       89.00       89.00       0.00   E             03/03/09 C
C00002  03/02/09  03/02/09      319.20      319.20       0.00   E             03/03/09 C
P       04/15/09  04/14/09      138.75       23.19     115.56   X             04/15/09 C
P       05/15/09  05/14/09      138.75       23.54     115.21   X             05/15/09 C
P       06/15/09  06/10/09      138.75       23.89     114.86   X             06/11/09 C
P       07/15/09  07/21/09      138.75       24.25     114.50   X             07/22/09 C
P       08/15/09  08/18/09      138.75       24.61     114.14   X             08/19/09 C
P       09/15/09  09/17/09      138.75       24.98     113.77   X             09/18/09 C
P       10/15/09  10/20/09      138.75       25.36     113.39   X             10/21/09 C
P       11/15/09  11/16/09      138.75       25.74     113.01   X  56033719   11/17/09 C
AP0012  11/17/09  11/16/09        0.25        0.25       0.00   X  56033719   11/17/09 C
P       12/15/09  12/15/09      138.75       26.13     112.62   V             12/16/09 C
P       01/15/10  01/15/10      138.75       26.52     112.23   V             01/16/10 C
P       02/15/10  02/18/10      138.75       26.92     111.83   V             02/19/10 C
P       03/15/10  03/15/10      138.75       27.32     111.43   V             03/16/10 C
P       04/15/10  04/15/10      138.75       27.73     111.02   V             04/16/10 C
P       05/15/10  05/15/10      138.75       28.14     110.61   V             05/16/10 C
P       06/15/10  06/15/10      138.75       28.57     110.18   V             06/16/10 C
P       07/15/10  07/15/10      138.75       28.99     109.76   V             07/16/10 C
P       08/15/10  08/15/10      138.75       29.43     109.32   V             08/16/10 C
P       09/15/10  09/15/10      138.75       29.87     108.88   V             09/16/10 C
P       10/15/10  10/15/10      138.75       30.32     108.43   V             10/16/10 C
```

```
Doc #    Due Dt    Dt Paid    Total Am    Amt/ Prin   Interest  M  Pymt-ID    Mod DateT
-----    -------   -------    --------    ---------   --------  -  --------   ---------
P        11/15/10  11/15/10     138.75       30.77     107.98   V             11/16/10C
P        12/15/10  12/15/10     138.75       31.23     107.52   V             12/16/10C
P        01/15/11  01/15/11     138.75       31.70     107.05   V             01/16/11C
P        02/15/11  02/15/11     138.75       32.18     106.57   V             02/16/11C
P        03/15/11  03/15/11     138.75       32.66     106.09   V             03/16/11C
P        04/15/11  04/15/11     138.75       33.15     105.60   V             04/16/11C
P        05/15/11  05/15/11     138.75       33.65     105.10   V             05/16/11C
P        06/15/11  06/24/11     138.75       34.15     104.60   X  14389295   06/25/11C
AP0032   06/25/11  06/24/11       0.25        0.25       0.00   X  14389295   06/25/11C
P        07/15/11  07/22/11     138.75       34.67     104.08   X  14802317   07/23/11C
AP0034   07/23/11  07/22/11       0.25        0.25       0.00   X  14802317   07/23/11C
P        08/15/11  08/22/11     138.75       35.19     103.56   V             08/23/11C
P        09/15/11  09/23/11     138.75       35.72     103.03   X  15748967   09/24/11C
AP0037   09/24/11  09/23/11       0.25        0.25       0.00   X  15748967   09/24/11C
P        10/15/11  10/18/11     138.75       36.26     102.49   X  16148189   10/19/11C
AP0039   10/19/11  10/18/11       1.25        1.25       0.00   X  16148189   10/19/11C
P        11/15/11  11/28/11     138.75       36.82     101.93   X  16704302   11/29/11C
PL0041   11/25/11  11/28/11       1.25        1.25       0.00   X  16704302   11/29/11C
PL0043   11/25/11  12/28/11       1.25        1.25       0.00   X  17183797   12/29/11C
P        12/15/11  12/28/11     138.75       37.37     101.38   X  17183797   12/29/11C
PL0045   11/25/11  01/17/12       1.25        1.25       0.00   V             01/18/12C
P        01/15/12  01/17/12     138.75       37.93     100.82   V             01/18/12C
P        02/15/12  02/20/12     138.75       38.50     100.25   V             02/21/12C
PL0048   11/25/11  04/02/12       1.25        1.25       0.00   X  10000000   04/03/12C
P        03/15/12  04/02/12     138.75       39.08      99.67   X  10000000   04/03/12C
PL0050   11/25/11  04/11/12       1.25        1.25       0.00   X  10000000   04/12/12C
P        04/15/12  04/11/12     138.75       39.66      99.09   X  10000000   04/12/12C
PL0052   11/25/11  05/09/12       1.25        1.25       0.00   X  10000000   05/10/12C
P        05/15/12  05/09/12     138.75       40.26      98.49   X  10000000   05/10/12C
PL0054   11/25/11  06/04/12       1.25        1.25       0.00   X  10000000   06/05/12C
P        06/15/12  06/04/12     138.75       40.86      97.89   X  10000000   06/05/12C
PL0056   11/25/11  07/06/12       1.25        1.25       0.00   X  10000000   07/07/12C
P        07/15/12  07/06/12     138.75       41.47      97.28   X  10000000   07/07/12C
PL0058   11/25/11  08/27/12       1.25        1.25       0.00   X  10000000   08/28/12C
P        08/15/12  08/27/12     138.75       42.10      96.65   X  10000000   08/28/12C
PL0060   11/25/11  09/26/12       1.25        1.25       0.00   X  10000000   09/27/12C
P        09/15/12  09/26/12     138.75       42.73      96.02   X  10000000   09/27/12C
PL0062   11/25/11  10/15/12       1.25        1.25       0.00   X  10000000   10/16/12C
P        10/15/12  10/15/12     138.75       43.37      95.38   X  10000000   10/16/12C
P        11/15/12  12/05/12     138.75       44.02      94.73   V             12/06/12C
PL0065   11/25/11  12/18/12       1.25        1.25       0.00   V             12/19/12C
P        12/15/12  12/18/12     138.75       44.68      94.07   V             12/19/12C
PL0067   11/25/11  01/19/13       2.26        2.26       0.00   V  DEBIT CA   01/20/13C
P        01/15/13  01/19/13     138.75       45.35      93.40   V  DEBIT CA   01/20/13C
PL0069   11/25/11  02/21/13       2.27        2.27       0.00   V  DEBIT CA   02/22/13C
P        02/15/13  02/21/13     138.75       46.03      92.72   V  DEBIT CA   02/22/13C
PL0071   11/25/11  03/11/13       5.47        5.47       0.00   P             03/12/13C
PL0072   12/25/11  03/11/13       0.78        0.78       0.00   P             03/12/13C
```

```
Doc #    Due Dt   Dt Paid    Total Am    Amt/ Prin   Interest M Pymt-ID    Mod DateT
-----    -------  -------    --------    --------    -------- -  -------    -------
P        03/15/13 03/11/13     138.75       46.72      92.03  P             03/12/13C
PL0074   12/25/11 04/12/13       1.25        1.25       0.00  P             04/13/13C
P        04/15/13 04/12/13     138.75       47.42      91.33  P             04/13/13C
PL0076   12/25/11 05/10/13      10.25       10.25       0.00  P             05/11/13C
P        05/15/13 05/10/13     138.75       48.13      90.62  P             05/11/13C
PL0078   12/25/11 06/07/13       1.25        1.25       0.00  P             06/08/13C
P        06/15/13 06/07/13     138.75       48.85      89.90  P             06/08/13C
PL0080   12/25/11 07/18/13      11.47       11.47       0.00  P             07/19/13C
PL0081   03/25/12 07/18/13      25.00       25.00       0.00  P             07/19/13C
PL0082   08/25/12 07/18/13      25.00       25.00       0.00  P             07/19/13C
PL0083   11/25/12 07/18/13      25.00       25.00       0.00  P             07/19/13C
P        07/15/13 07/18/13     138.75       49.58      89.17  P             07/19/13C
AP0084   07/19/13 07/18/13       3.78        3.78       0.00  P             07/19/13C
P        08/15/13 08/15/13     138.75       50.38      88.37  P             08/16/13C
AP0086   08/16/13 08/15/13       1.25        1.25       0.00  P             08/16/13C
AP0088   09/14/13 09/13/13       1.25        1.25       0.00  P             09/14/13C
P        09/15/13 09/13/13     138.75       51.16      87.59  P             09/14/13C
AP0090   10/12/13 10/11/13       1.25        1.25       0.00  P             10/12/13C
P        10/15/13 10/11/13     138.75       51.94      86.81  P             10/12/13C
AP0092   11/09/13 11/08/13       1.25        1.25       0.00  P             11/09/13C
P        11/15/13 11/08/13     138.75       52.74      86.01  P             11/09/13C
AP0094   12/03/13 12/02/13       1.25        1.25       0.00  P             12/03/13C
P        12/15/13 12/02/13     138.75       53.55      85.20  P             12/03/13C
AP0096   01/01/14 12/31/13       1.25        1.25       0.00  P             01/01/14C
P        01/15/14 12/31/13     138.75       54.37      84.38  P             01/01/14C
AP0098   02/01/14 01/31/14       1.25        1.25       0.00  P             02/01/14C
P        02/15/14 01/31/14     138.75       55.20      83.55  P             02/01/14C
AP0100   02/28/14 02/27/14       1.25        1.25       0.00  P             02/28/14C
P        03/15/14 02/27/14     138.75       56.05      82.70  P             02/28/14C
P        04/15/14 04/15/14     138.75       56.91      81.84  V             04/16/14C
P        05/15/14 05/15/14     138.75       57.76      80.99  V             05/16/14C
P        06/15/14 06/15/14     138.75       58.63      80.12  V             06/16/14C
P        07/15/14 07/16/14     138.75       59.51      79.24  V             07/17/14C
P        08/15/14 08/15/14     138.75       60.40      78.35  V             08/16/14C
P        09/15/14 09/15/14     138.75       61.31      77.44  V             09/16/14C
P        10/15/14 10/15/14     138.75       62.22      76.53  V             10/16/14C
AP0109   11/07/14 11/06/14       1.25        1.25       0.00  P             11/07/14C
P        11/15/14 11/06/14     138.75       63.16      75.59  P             11/07/14C
AP0111   12/05/14 12/04/14       1.25        1.25       0.00  P             12/05/14C
P        12/15/14 12/04/14     138.75       64.12      74.63  P             12/05/14C
P        01/15/15 01/20/15     138.75       65.10      73.65  P             01/21/15C
AP0113   01/21/15 01/20/15       1.25        1.25       0.00  P             01/21/15C
AP0115   02/14/15 02/13/15       1.25        1.25       0.00  P             02/14/15C
P        02/15/15 02/13/15     138.75       66.10      72.65  P             02/14/15C
P        03/15/15 03/16/15     138.75       67.11      71.64  P             03/17/15C
AP0117   03/17/15 03/16/15       1.25        1.25       0.00  P             03/17/15C
P        04/15/15 04/15/15     138.75       68.13      70.62  P             04/16/15C
AP0119   04/16/15 04/15/15       1.25        1.25       0.00  P             04/16/15C
```

## SUMMARY OF PAYMENTS

| Description       | Amt/ Princ | Interest | Total     |
|-------------------|-----------:|---------:|----------:|
| Addtl Principal   |      28.53 |     0.00 |     28.53 |
| Closing           |     319.20 |     0.00 |    319.20 |
| Down Payment      |   1,261.80 |     0.00 |  1,261.80 |
| Exchange Fee      |      89.00 |     0.00 |     89.00 |
| Mortgage Payment  |   3,400.19 | 7,422.31 | 10,822.50 |
| Payment Late      |     125.00 |     0.00 |    125.00 |
| **Payment Summary Totals:** | **5,223.72** | **7,422.31** | **12,646.03** |

## SUMMARY OF OPEN ITEMS

| Doc # | Due Date | Tot Amoun | Amt/Princ | Interest | Days Due |
|-------|----------|-----------|-----------|----------|----------|
|       |          |           |           |          |          |

Total Due: